IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK THOMAS ABELLO, III,** : | | CIVIL ACTION |
| Plaintiff, : | | |
| : | | |
| v. : | | NO. 25-2050 |
| : | | |
| **BUCKS COUNTY CORRECTIONAL** : | | |
| **FACILITY,** *et al.*, : | | |
| Defendants. : | | |

### ORDER

**AND NOW**, this 26th day of June 2025, in light of *pro se* Plaintiff Frederick Thomas Abello, III's failure to comply with the April 28, 2025 Order issued in this case (DI 4), and Mr. Abello's failure to prosecute this case in any respect after filing it, including by failing to provide the court with an updated address where he can be served with court orders and other papers as required by Local Rule 5.1(b), it is **ORDERED**:

1. This case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

2. The motion to proceed *in forma pauperis* (DI 1) is **DENIED AS MOOT**.

3. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[1]

_____
MURPHY, J.

---

[1] If Mr. Abello ever wishes to renew his claims, he may file a new civil action within the two-year statute of limitations period applicable to his claims. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose, and that Pennsylvania has a two-year statute of limitations for personal injury actions).